United States District Court
Southern District of Texas
**ENTERED**
September 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGER LAVOY DODD, <br> TDCJ #01162194, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN ROBERT HERRERA, <br> et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. H-19-3216 <br> § <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM AND ORDER

The plaintiff, Roger Lavoy Dodd (TDCJ #01162194), is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Dodd has filed a hand-written pleading entitled "Extraordinary Petition Complaint . . . That Exerts a Magnitude of Unconstitutional Rights Against Prison Disabled Offender" [Doc. # 1], which includes exhibits associated with a prison disciplinary proceeding. The clerk's office construed this pleading as one asserting the violation of civil rights under 42 U.S.C. § 1983. The Court concludes that this action must be dismissed for reasons outlined below.

**I.     BACKGROUND**

Dodd is currently incarcerated at the Pack Unit in Navasota. Dodd has filed this civil action against the following defendants who are employed by TDCJ at the Pack Unit, including Warden Robert Herrera, Building Major D. Sullivan, Captain Nixon, Classification Officer B. Tilley, an unidentified Gang Intelligence Officer, and Officer K. Merryman. Dodd's primary complaint against these defendants is that his constitutional rights were violated in connection with disciplinary charges that were lodged against him at the Pack Unit.

Dodd, who describes himself as elderly, blind, and disabled, reports that he was assaulted by another inmate named Long Nguyen (TDCJ #1879355) in the chow hall on July 9, 2019. According to Dodd, Nguyen is "an active gang member" who was working as a porter in the chow hall when he assaulted Dodd by striking him with a serving tray and his fists. Dodd was taken to prehearing detention and charged in TDCJ Case No. 20190275336 with violating prison disciplinary rules by engaging in a fight with Nguyen. At a disciplinary hearing on July 22, 2019, Dodd protested that he was attacked from behind and denied participating in a fight. Based on a report by the charging officer (Officer Merryman) and witness testimony, the hearing officer (Captain Nixon) found Dodd guilty as charged. As punishment, Dodd lost recreation and commissary privileges for 30 days. Dodd was released from pre-hearing detention the same day as the

disciplinary hearing on July 22, 2019, after spending 13 days in "solitary confinement."

On August 21, 2019, the Court received the pending "Extraordinary Petition" from Dodd, alleging that he was wrongfully convicted of disciplinary charges while the inmate who attacked him appears to have gone unpunished. Dodd contends that Nguyen should be charged with aggravated assault in violation of Texas law and transferred to another unit. Dodd contends further that Officer Merryman violated his rights by lodging false charges against him and that Captain Nixon violated his rights by finding him guilty based on Officer Merryman's false report. Dodd contends that Merryman should be reprimanded and that Nixon should be forced to "step down" as a disciplinary hearing officer. Dodd holds Warden Herrera and Building Major Sullivan responsible for the violation of his constitutional rights. Dodd asks for his prison disciplinary conviction to be "removed" from his record and he also seeks compensatory damages for certain items of personal property that were "lost or stolen" when he was in prehearing detention.

In support of his complaint, Dodd provides a copy of the TDCJ Disciplinary Hearing Report and Record for Case No. 20190275336 [Doc. # 1-3, at 1]. He also provides a Step One Grievance form [Doc. # 1-3, at 2], which he filed on July 9, 2019 to challenge the disciplinary charges that had been lodged against him that

3

same day. That grievance (#2019154189) was returned to Dodd unprocessed on July 15, 2019, noting that the disciplinary case against him had not yet been entered in the system.

## II.   APPLICABLE LEGAL STANDARDS

Dodd, who represents himself, does not invoke any particular legal authority on which his Extraordinary Petition is based. Dodd's pro se pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). The title a prisoner gives to *pro se* pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

Dodd seeks relief from a prison disciplinary conviction, asking that it be removed from his record. Although the punishment imposed reflects that he did not lose any good-time credit, challenges to prison disciplinary convictions are routinely asserted in a petition for a writ of habeas corpus, which provides a remedy for prisoners challenging the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Dodd also asserts claims concerning the conditions of his confinement, which are actionable, if at all, under 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In

4

that respect, a civil rights action under § 1983 is the appropriate remedy where a prisoner challenges "the rules, customs, and procedures affecting 'conditions' of confinement," and not the "fact or duration of confinement." *Cook*, 37 F.3d at 168 (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).  Where there is any doubt about the proper vehicle, the Fifth Circuit has adopted a "bright-line rule" for resolving whether a claim is actionable on habeas corpus review or must be raised in a civil rights complaint under § 1983:  "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release' . . . the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal citation omitted).

Applying a liberal construction to the pleading filed by Dodd, the Court concludes that he presents a mix of habeas corpus and civil rights claims.  The Fifth Circuit has counseled that if a complaint contains both habeas and civil rights claims under 42 U.S.C. § 1983, "the district court should separate the claims and decide the § 1983 claims." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).  The distinction matters because claims alleging violations of civil rights under § 1983 are subject to different filing-fee and screening requirements under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915A and 1915, *et*

*seq.*[1]  As discussed further below, the Court has separated Dodd's claims and concludes that neither his habeas corpus challenge nor his related civil rights claims are cognizable.  Therefore, under either legal theory this case must be dismissed for failure to state a viable claim upon which relief may be granted.

### III.  DISCUSSION

#### A.  Prison Disciplinary Convictions

Dodd contends that his constitutional rights were violated during his prison disciplinary conviction because he was found guilty of false charges.  State inmates have limited constitutional rights in the prison disciplinary hearing context under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, an inmate is entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  A Texas prisoner can demonstrate a due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria:

---

[1] Dodd has not paid a filing fee in this instance and is deemed to proceed *in forma pauperis* for purposes of 28 U.S.C. § 1915(e)(2).  Under this statute, the court is required to review the pleadings and "shall dismiss the case" if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth the same grounds).

(1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Assuming that Dodd is eligible for mandatory supervision, he does not meet the second criteria because he did not forfeit any previously earned good-time credit as punishment for his disciplinary infraction. To the extent that Dodd's punishment was temporary confinement in prehearing detention and forfeiture of 30 days of commissary and recreational privileges, these sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). In that respect, limitations imposed upon commissary or recreational privileges and a cell restriction or placement in solitary confinement on a temporary basis are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*

Because none of the sanctions imposed against him implicate a protected liberty interest, Dodd cannot establish a constitutional violation of the Due Process Clause that is actionable either under the habeas corpus statutes or § 1983. *See*

*Orellana*, 65 F.3d at 31 ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).

### B. Dodd's Civil Rights Claims

Dodd's claim that his assailant should be charged criminally and that officials involved with his prison disciplinary proceeding should be reprimanded or demoted do not state an actionable claim. A prisoner does not have a constitutional right to have someone criminally prosecuted and there is no private right of action to bring criminal charges. *See Back v. TDCJ*, 716 F. App'x 255, 259 (5th Cir. 2017) (per curiam) (citing *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999)). Likewise, there is no constitutional right to have a correctional officer disciplined or corrected. *See Brown v. Gusman*, Civil No. 15-1491, 2015 WL 6827260, *7 (E.D. La. 2015) (citing *Ordaz v. Martin*, No. 93-4170, 1993 WL 373830, at *9 (5th Cir. Sept. 15, 1993)).

Dodd does not state a viable claim against Warden Herrera or Major Sullivan, as supervisory officials, because he does not demonstrate that either one was personally involved in a constitutional deprivation or that a violation occurred

as the result of a deficient policy. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Dodd's remaining claim that prison officials are liable for items of personal property that were lost or stolen while he was in prehearing detention is also not actionable. The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* Tex. Gov't Code §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, Dodd's claim that his property was wrongfully taken has no basis in federal law. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Because Dodd's allegations do not demonstrate that he is entitled to relief as a matter of law, this action will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights action filed by Roger Lavoy Dodd is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

2. To the extent that Dodd has presented habeas corpus claims, a certificate of appealability is **DENIED**.

3. To the extent that Dodd has filed civil rights claims that are without merit, the dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on September 18, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE